IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNIE ROXAS,

     Petitioner,                2: 10 - cv - 2672 - WBS TJB

  vs.

A. MONTAL,

     Respondent.          <u>ORDER, FINDINGS AND</u>

                                            <u>RECOMMENDATIONS</u>

_____/

     Petitioner, Ernie Roxas, is a state prisoner proceeding with a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently serving a determinate sentence of forty-six years in prison after a jury found him guilty on one count of continuous sexual abuse of a child, five counts of forcible rape, and two counts of lewd acts with a child. Petitioner raises four claims in this federal habeas petition; specifically: (1) his trial counsel was ineffective in failing to investigate the facts and law of his case ("Claim I"); (2) the trial court erred in not dismissing his case on statute of limitations grounds ("Claim II"); (3) his conviction was the result of a biased juror which the trial court failed to investigate ("Claim III"); and, (4) his appellate counsel was ineffective in failing to raise certain claims on appeal and for causing Petitioner's state habeas petitions to be untimely filed ("Claim IV"). For the reasons stated

herein, the federal habeas petition should be denied.

## I. FACTUAL BACKGROUND[1]

> Defendant repeatedly molested his live-in niece from about the time she was in the sixth grade until she moved out at the age of 17. A jury convicted him of one count of continuous sexual abuse of a child (Pen.Code, § 288.5, subd. (a)), five counts of forcible rape (Pen.Code, § 261, subd. (a)(2)), and two counts of lewd acts with a child. (Pen.Code, § 288, subd. (a).)
>
> The trial court sentenced defendant to an aggregate prison term of 46 years, computed as follows: The middle term of 12 years for the continuous sexual abuse count, plus consecutive full terms of six years for each of the five rape counts, plus two consecutive two-year terms (one-third of the middle term) for the lewd act counts.

## II. APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can only be granted for violations of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)). Petitioner filed this petition for writ of habeas corpus after April 24, 1996, thus the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d); *Perry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000).

---

[1] The factual background is taken from the California Court of Appeal, Third Appellate District decision on direct appeal from July 2009 and filed in this Court by Respondent on July 21, 2011 as Lodged Doc. No. 1 (hereinafter referred to as the "Slip Op.").

In applying AEDPA's standards, the federal court must "identify the state court decision that is appropriate for our review." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). "The relevant state court determination for purposes of AEDPA review is the last reasoned state court decision." *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008) (citations omitted). "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). To the extent no such reasoned opinion exists, courts must conduct an independent review of the record to determine whether the state court clearly erred in its application of controlling federal law, and whether the state court's decision was objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410). "When it is clear, however, that the state court has not decided an issue, we review that question *de novo*." *Reynoso v.Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (citing *Rompilla v. Beard*, 545 U.S. 374, 377 (2005).

### III. ANALYSIS OF PETITIONER'S CLAIMS

1. Claims I, II, and III

Petitioner raised Claims I, II, and III in successive habeas corpus petitions to the California Supreme Court. The California Supreme Court denied the petitions as untimely, citing *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). Respondent maintains that as a result of the untimeliness finding Petitioner's claims are procedurally barred. In turn, Petitioner, relying on *Brown v. Lee*, 319 F.3d 162, 175 (4th Cir. 2003), and *Coleman v. Dretke*, 395 F.3d 216, 220 (5th Cir. 2004), argues that California's untimeliness bar is inconsistently applied and thus cannot support a procedural bar to raising his claims in federal court. The Supreme Court of the United States' recent holding in *Walker v. Martin*, 562 U.S. __,

131 S. Ct. 1120, 1127 (2011), precludes Petitioner's argument and, as such, Petitioner's claims are procedurally barred.

California does not employ fixed statutory deadlines to determine the timeliness of a state prisoner's petition for habeas corpus. Instead, California directs petitioners to file known claims "as promptly as the circumstances allow." *In re Clark*, 5 Cal.4th at 765, n. 5. Petitioners are further instructed to state when they first learned of the asserted claims and to explain why they did not seek postconviction relief sooner. *In re Robbins*, 18 Cal.4th 770, 780, 77 Cal.Rptr.2d 153, 959 P.2d 311, 317-318 (1998). Claims substantially delayed without justification may be denied as untimely. *Id.*; *Clark*, 5 Cal.4th, at 765, n. 5. California courts "appl[y] a general 'reasonableness' standard" to judge whether a habeas petition is timely filed. *Walker v. Martin*, __ U.S. __, 131 S.Ct. 1120, 1125 (2011) (quoting *Carey v. Saffold*, 536 U.S. 214, 222 (2002)).

Three leading decisions describe California's timeliness requirement: *Robbins*, *Clark*, and *In re Gallego*, 18 Cal.4th 825, 77 Cal.Rptr.2d 132, 959 P.2d 290 (1998). A prisoner must seek habeas relief without "substantial delay," *Robbins*, 18 Cal.4th, at 780; *Gallego*, 18 Cal.4th at 833; *Clark*, 5 Cal.4th at 783, as "measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim," *Robbins*, 18 Cal.4th, at 787. Petitioners in noncapital cases have "the burden of establishing (i) absence of substantial delay, (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of untimeliness." *Id.* at 780. "California courts signal that a habeas petition is denied as untimely by citing the controlling decisions, *i.e.*, *Clark* and *Robbins*." *Martin*, 131 S.Ct. at 1124.

In *Martin*, the Supreme Court was faced with the issue of whether the California Supreme Court's denial of a habeas petition citing *In re Clark*, *supra*, represented an adequate procedural bar that prevented Martin's claims from being reviewed on the merits when he sought federal habeas relief. Martin had filed a successive petition for habeas corpus in the California Supreme

Court, raising a claim for ineffective assistance of counsel that he had failed to previously raise in his original state habeas petition. *Martin*, 131 S.Ct. at 1126. The California Supreme Court's order denying the petition read in its entirety: "Petition for writ of habeas corpus is DENIED. (*See In re Clark* (1993) 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729, *In re Robbins* (1998) 18 Cal.4th 770, 780, 77 Cal.Rptr.2d 153, 959 P.2d 311.)." *Id.* The Supreme Court concluded that such a dismissal on timeliness grounds under California law represented an adequate and consistently applied independent state law bar such that Martin was precluded from bringing his federal claims in federal court. *Id.* at 1128-29; *see Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

In the instant case, Petitioner raised Claims I, II, and III in successive petitions to the California Supreme Court. In Petitioner's first state habeas petition, Petitioner raised one claim for relief alleging that his trial counsel was ineffective for failure to suppress evidence that was obtained in violation of Petitioner's rights under *Miranda*[2] and the Fourth, Fifth, Sixth, Seventh, Eighth, and 14th Amendments. *See* Lodged Doc. No. 4 (First Petition), at 3. A claim that Petitioner does not pursue in this court. That petition was denied on the merits without elaboration. Lodged Doc. No. 5.

Thereafter, Petitioner filed a second petition for habeas corpus with the California Supreme Court. *See* Lodged Doc. No. 6 (Second Petition). In that petition, Petitioner raised, for the first time, his claim that his counsel was ineffective for failing to challenge his conviction on statute of limitations grounds, Claim II in his federal petition. *Id.* at 3. That petition was denied by the California Supreme Court as untimely when the Supreme Court denied the petition citing *In re Clark*. Lodged Doc. No. 7.

/ / /

/ / /

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

5

Finally, Petitioner filed a third petition for habeas corpus in the California Supreme Court. Lodged Doc. No. 8 (Third Petition). In that Petition, Petitioner raised claims for: (1) ineffective assistance of counsel for failure to investigate the facts and laws of the case, failure to challenge the veracity of the prosecution's key witness, and failure to subpoena or call crucial defense witnesses (Claim I in the instant petition), (2) trial court error for failure to dismiss on statue of limitations grounds (Claim II in the instant petition, also raised in his second petition before the California Supreme Court), and (3) trial court error for failure to investigate a purportedly biased juror (Claim III in the instant petition). *Id.* Like Petitioner's second petition, his third petition was denied as untimely. Lodged Doc. No. 9.

As discussed above, California's timeliness requirement represents an adequate and independent state law bar to litigation of federal constitutional claims. Petitioner failed to raise his claims in a timely manner in state court and has not alleged the cause and prejudice necessary to overcome such a bar. As such, Petitioner is procedurally barred from raising Claims I, II, and III in his federal habeas petition. Those claims should be denied.

2. Claim IV

In Claim IV, Petitioner alleges that his appellate counsel was ineffective and did not provide the counsel guaranteed by the Sixth Amendment in that appellate counsel (1) did not raise several claims on appeal and (2) created the time issues that prevented Claims I, II, and III from being litigated on the merits in state court. Petitioner readily admits that this claim has not been exhausted in state court. Pet. at 5. Nonetheless, because Petitioner has not presented a colorable claim for relief, his claim should be denied on the merits. *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

The Sixth Amendment guarantees effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated the test for demonstrating ineffective assistance of counsel. This test also applies to claims of ineffective assistance of

6

appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989). First, the petitioner must show that considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688. Petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *See id.* at 690. The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the range of professional competent assistance. *See id.*

Second, a petitioner must affirmatively prove prejudice. *See id.* at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Id.* A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by defendant as a result of the alleged deficiencies . . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) (citing *Strickland*, 466 U.S. at 697).

Petitioner has not met his burden of showing that his appellate counsel's actions in failing to raise several issues on appeal that Petitioner later attempted to raise in habeas fell below an objective standard of reasonableness. In many instances, appellate counsel will not raise an issue because counsel foresees little or no likelihood of success on that issue. *Miller*, 882 F.2d at 1434. The "weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." *Id.* Appellate counsel has no constitutional obligation to raise every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). A review of Petitioner's claims shows that it was not unreasonable for Petitioner's appointed appellate counsel to conclude that they would likely be found to be lacking in merit. Petitioner's counsel chose to present only the claims which he believed presented a possibility of

7

reversal by the appellate court.  This is a strategic choice well within counsel's prerogative and, as such, Petitioner has failed to establish that his counsel's performance fell below an objective standard of reasonableness.

Additionally, Petitioner claims that appellate counsel's actions somehow resulted in or caused his claims presented *pro se* to the California Supreme Court in his petitions for habeas corpus to be untimely.  The available evidence indicates that it was Petitioner's actions, not those of his appellate counsel, that caused his claims to be delayed.  Indeed, the letters sent by appellate counsel to Petitioner, provided by Petitioner as attachments to his petition, indicate that appellate counsel regularly and completely informed Petitioner of the bounds of his representation and informed Petitioner of the necessary steps to file a *pro se* petition for habeas corpus, even providing Petitioner with copies of the necessary filing documents.  Petitioner's initial *pro se* petition to the California Supreme Court was denied on the merits.  However, Petitioner failed to raise the claims he now raises in this court in that petition.  How this is the result of appellate counsel's actions on appeal is unclear, especially considering Petitioner is not entitled to the effective assistance of counsel when collaterally attacking the judgment.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989); *see also Martinez v. Schriro*, 623 F.3d 731 (9th Cir. 2010).  A habeas corpus proceeding is "not part of the criminal proceeding itself, and it is in fact considered to be civil in nature."  *Finley*, 481 U.S. at 557 (citing *Fay v. Noia*, 372 U.S. 391, 423-24 (1963)).  As such, the failure to file a state petition for habeas corpus in a timely manner does not implicate the Sixth Amendment.  *Cf. Coleman v. Thompson*, 501 U.S. 722, 754 (1991) (a petitioner cannot claim constitutionally ineffective assistance of counsel in state post-conviction proceedings) (citing *Wainwright v. Torna*, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance)).  Petitioner has not stated a colorable claim for ineffective assistance of appellate counsel.  Thus, his claim should be denied.

///

## IV. REQUEST FOR AN EVIDENTIARY HEARING

Finally, Petitioner requests an evidentiary hearing on his Claims. Pet. at 8. A court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support petitioner's claims, and if not, whether an evidentiary hearing "might be appropriate." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999); *see also Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir. 2005). A petitioner requesting an evidentiary hearing must also demonstrate that he has presented a "colorable claim for relief." *Earp*, 431 F.3d at 1167 (citations omitted). To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted). In this case, Petitioner's claims are readily determined by the record. Petitioner has not alleged any additional facts that, if true, would entitle him to relief and, therefore, Petitioner fails to demonstrate that he has a colorable claim for federal habeas relief. Moreover, the Supreme Court has recently held that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits" and "that evidence introduced in federal court has no bearing on" such review. *Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388, 1398, 1400 (2011). Thus, his request will be denied.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for an evidentiary hearing is DENIED.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

9

to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file, Petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 26, 2011

_____
TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE